IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GLENDA CANTRELL, | ) | Civil Action No.: 2:10-cv-2699-RMG-RSC |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **Violation of Title VII** |
| vs. | ) | **Sexual Harassment and Retaliation** |
| | ) | |
| IPS, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff above named, complaining of the acts of the above-named defendant, states as follows:

**PARTIES AND JURISDICTION**

1. That the plaintiff is a resident and citizen of the County of Berkeley, State of South Carolina.

2. That, upon information and belief, the defendant IPS, Inc. ("IPS" or "defendant") is a foreign corporation doing business and maintaining offices and agents in the County of Horry, State of South Carolina.

3. That this court has federal question jurisdiction pursuant to 42 U.S.C. §2000e-2, 42 U.S.C. §2000e-3, 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

4. That venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division, in that pursuant to 28 U.S.C. § 1391(b), the defendant resides and does business in this district, and a substantial part of the events giving rise to plaintiff's claims occurred here.

1

## CONDITIONS PRECEDENT

5. That plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below. Moreover, defendant employed and currently employs fifteen (15) or more employees and, as such, is an "employer" as defined by Title VII, and otherwise subject to the Act.

6. That on or about February 11, 2008 and as result of defendant's discriminatory conduct, all of which is more fully described below, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon sex and retaliation.

7. That plaintiff received a right to sue notice from the EEOC regarding the complaint described above in paragraph 6 on or about August 2, 2010.

8. That plaintiff has timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above in Paragraph 7.

## FACTS

9. That plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 8 hereinabove as fully as if set forth verbatim.

10. That plaintiff was hired by defendant in or around May of 2007 to work as a ticket checker at the Charleston International Airport in Charleston, South Carolina.

11. That plaintiff was hired at defendant and supervised there by Rhonda Czurak ("Czurak").

12. That plaintiff performed her job duties at defendant in an above-average fashion and otherwise maintained an excellent employment record there.

13. That in this regard, plaintiff was never disciplined in any fashion while employed at defendant and management always told plaintiff that she did a good job.

14. That at the said Charleston International Airport, defendant's employees worked closely with employees of the Transportation Security Administration ("TSA").

15. That upon information and belief the TSA is a governmental agency that contracted with defendant such that defendant performed services for it at the Charleston International Airport.

16. That shortly after plaintiff began her employment at defendant, John Lago ("Lago"), an employee of the TSA who worked with plaintiff and in the same area as plaintiff, began to sexually harass plaintiff.

17. That in this regard, Lago's sexual harassment of plaintiff involved, but was not limited to, the following:

   (a) He would sing "You are so beautiful" to plaintiff;

   (b) He constantly flirted with plaintiff;

   (c) He would walk behind plaintiff and touch her shoulder as he spoke to her;

   (d) On one occasion he walked up behind plaintiff and, when she turned around, he kissed her on the lips;

   (e) After kissing plaintiff, Lago began to speak to her about intimate issues, saying that he and his wife no longer had sex; that he missed sex; and he would ask her if she and her husband had great sex;

   (f) On another occasion, Lago looked at plaintiff, placed his two fingers to his mouth and put his tongue through his two fingers, simulating oral sex;

   (g) The morning following the incident described in paragraph (f) above, Lago was outside smoking when plaintiff came to work. As plaintiff passed by Lago, he said "How about a good morning kiss." Plaintiff complained that it was too early for his comments. Lago responded by saying "I can wake you up;" and

3

      (h)    Lago bragged to other TSA employees that he had kissed plaintiff. Indeed, plaintiff heard Lago make these remarks.

18. That neither defendant nor the TSA ever gave plaintiff a sexual harassment policy.

19. That nevertheless, in early October 2007, plaintiff complained about Lago's sexual harassment to her supervisor at IPS, Czurak.

20. That Czurak responded by telling plaintiff that that was just how Lago was.

21. That Lago continued to sexually harass plaintiff even after plaintiff complained to her supervisor about the harassment as set forth above.

22. That on or about October 5, 2007, plaintiff again reported the harassment, this time to Lago's screening manager, a TSA employee named Pam.

23. That Pam was a TSA employee who routinely complimented plaintiff on her work performance.

24. That thereafter, a TSA employee named Jim Pritchard ("Pritchard") called plaintiff and asked plaintiff to meet with him about her sexual harassment complaint.

25. That plaintiff's meeting with Pritchard was scheduled to take place on or about October 11, 2007 after work. In the meantime, the sexual harassment continued.

26. That plaintiff reported to work on or about October 11, 2007 as scheduled.

27. That as plaintiff was leaving work that day (on or about October 11, 2007) to meet with Pritchard about her sexual harassment complaint, an IPS employee named Danny (who was Czurak's boss) pulled plaintiff aside and fired her.

28. That in firing plaintiff, Danny advised plaintiff that, with all the confusion going on, IPS no longer needed her.

29. That at the same time, plaintiff's supervisor (Czurak) had been telling plaintiff for weeks prior to plaintiff's discharge that IPS needed to hire one more ticket person – in addition to plaintiff – to handle all the work.

### FOR A FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII SEXUAL HARASSMENT/HOSTILE ENVIRONMENT

30. That the plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 29 hereinabove as fully as if set forth verbatim.

31. That at all pertinent times, defendant employed fifteen (15) or more employees and, as such was an "employer" as defined by Title VII, and otherwise subject to the said Act.

32. That defendant had a contractual and working relationship with the TSA and defendant had a duty to ensure that its employees were free from sexual harassment and discrimination at the hands of TSA employees.

33. That Lago, the TSA and defendant's conduct as described above was offensive, unwelcome, and plaintiff so advised defendant and the TSA.

34. That said harassment described above was based on plaintiff's sex.

35. That the said harassment humiliated plaintiff, unreasonably interfered with her work performance, affected the terms, conditions and privileges of her employment and otherwise caused plaintiff severe psychological and physical harm.

36. That the said harassment, as alleged above, created a work environment that plaintiff found, and a reasonable person would find, hostile and abusive.

37. That on numerous and repeated occasions, plaintiff complained about the above-described sexual harassment directly to defendant and the TSA. Moreover, neither defendant nor the TSA ever provided plaintiff with any kind of sexual harassment policy.

5

38. That defendant (and the TSA) wholly failed to take prompt and effective remedial action to end the harassment, and the harassment continued even after plaintiff's complaints.

39. That the actions of defendant and the TSA in engaging in offensive verbal conduct, unwanted sexual propositions and conversations, unwanted touching, and defendant's failure to end the harassment or remedy it constitute discrimination against plaintiff in violation of Title VII and the Civil Rights Act of 1991.

40. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

41. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

### FOR A SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII RETALIATION

42. That the plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 41 hereinabove as fully as if set forth verbatim.

43. That at all pertinent times, defendant employed fifteen (15) or more employees and, as such, is an "employer" as defined by Title VII, and otherwise subject to the said Act.

44. That as alleged above, plaintiff complained to the defendant and the TSA on several occasions that she was being sexually harassed and discriminated against because of her sex.

45. That plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

46. That shortly after making the said complaints, defendant terminated plaintiff without warning, notice or cause and for false reasons. In fact, defendant terminated plaintiff on the day she was supposed to meet with TSA officials about her sexual harassment complaint.

47. That defendant terminated plaintiff for making complaints of sexual harassment and discrimination, and for opposing discrimination based upon sex, all of which is in violation of 42 U.S.C. § 2000e-3.

48. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

49. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

WHEREFORE, as to all causes of action, plaintiff prays for the following relief against defendant: for such amount of actual and special damages as the trier of fact may find,

(including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys fees, prejudgment interest and for such other and further relief as the court deems just and proper.

                                      HITCHCOCK & POTTS

                                      By: _s/A. Christopher Potts_
                                           Federal ID No.:  5517
                                           31 Broad Street (P.O. Box 1113)
                                           Charleston, SC 29401 (29402)
                                           Telephone:  (843) 577-5000
                                           Fax:  (843) 722-8512
                                           E-Mail:  hitchp@bellsouth.net
                                           ***Attorneys for the Plaintiff***

Charleston, South Carolina
October 20, 2010